NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIPDIO RAMIREZ-DORANTES, AKA Elpidio Ramirez Dorantes, AKA Elpidio Dorantes Ramirez,<br><br>             Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>             Respondent. | No. 15-73647<br><br>Agency No. A087-747-721<br><br>MEMORANDUM *  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

    Elipdio Ramirez-Dorantes, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying Ramirez-Dorantes' motion to reopen for failure to demonstrate ineffective assistance of counsel, where he did not refute his former counsel's statements regarding the reasoning for the strategy employed or that former counsel had discussed Ramirez-Dorantes' options with him. *See id.* at 793 (to demonstrate ineffective assistance of counsel, an alien must show counsel failed to perform with sufficient competence); *Torres-Chavez v. Holder*, 567 F.3d 1096, 1101 (9th Cir. 2009) (aliens are generally bound by strategic and tactical decisions made by their attorneys); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

To the extent Ramirez-Dorantes contends his former counsel erred in failing to advise him that the agency misapplied the law to the facts of his case, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA"). To the extent petitioner challenges the BIA's July 2015 order dismissing his appeal, this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

15-73647

In light of this decision, we need not reach Ramirez-Dorantes' contentions regarding prejudice from any alleged ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**